IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WORLDLY DIEAGO HOLSTICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:21-cv-594-ECM |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION and ORDER**

On July 1, 2024, the Magistrate Judge entered a Recommendation that Petitioner Worldly Dieago Holstick's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied without an evidentiary hearing and that this case be dismissed with prejudice. (Doc. 25). On July 18, 2024, the Magistrate Judge granted the Petitioner's motion for an extension of time to file objections to the Recommendation (doc. 27), and on August 13, 2024, the Petitioner timely filed objections to the Recommendation (doc. 28).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent the Petitioner makes general or conclusory objections, or merely restates arguments previously made to the Magistrate Judge, those objections are due to be reviewed for clear error and due to be overruled.

In his § 2255 motion, the Petitioner claims that his counsel rendered ineffective assistance by misinforming him of the consequences of his guilty plea and allegedly informing him that if he pled guilty, he would be held responsible only for the marijuana distributed in the conspiracy and not the cocaine. The Petitioner objects to the Magistrate Judge's purported failure to consider the affidavits from the Petitioner's father and uncle stating that the Petitioner was informed by his counsel that he would be held responsible only for the marijuana distributed in the conspiracy. The Recommendation, however, referenced those affidavits but ultimately concluded the evidence established that the Petitioner knew when he pleaded guilty that the cocaine distributed in the conspiracy would

be factored into his sentence. The evidence included the written plea agreement, which the Petitioner signed and affirmed at the plea hearing he had read and understood, and which included as part of the factual basis that the Petitioner conspired to distribute "500 grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride ('powder' cocaine)"; and the Petitioner's sworn affirmations at the plea hearing that he was pleading guilty to conspiracy to distribute cocaine hydrochloride. (Doc. 25 at 7–8); (doc. 13-2 at 6–7) (plea agreement) (doc. 13-3 at 16–19) (transcript of plea hearing). Thus, this objection is due to be overruled. The Petitioner also contends that "[n]owhere in the record" can the Recommendation support the conclusion that he knew the cocaine would be attributed to him. (Doc. 28 at 2). But there is record evidence—including the written plea agreement and the Petitioner's sworn statements at the plea hearing—that he knew he was pleading guilty to conspiracy to distribute cocaine and thus cocaine would be attributable to him. The Petitioner fails to show any error in the Magistrate Judge's analysis or conclusion concerning this claim. Consequently, these objections are due to be overruled.

The Petitioner also claims in his § 2255 motion that his counsel rendered ineffective assistance by failing to inform him about the role the sentencing guidelines would play in his sentence. The Petitioner objects to the Magistrate Judge's purported acceptance of the truth of his counsel's affidavit over the Petitioner's conflicting affidavit. A complete reading of the Recommendation reveals, however, that the Magistrate Judge did not merely credit counsel's affidavit over the Petitioner's affidavit. Instead, the Magistrate Judge observed that the Petitioner affirmed under oath at his change of plea hearing that he and

3

his counsel had discussed how the sentencing guidelines would apply in his case. The Magistrate Judge also cited the court's explanation to the Petitioner about the role of the advisory guidelines at his change of plea hearing, including that the Petitioner's actual sentence might differ from any estimate his counsel had given him. Thus, this objection is due to be overruled. The Petitioner also objects to the Recommendation's finding that, even if his counsel failed to adequately explain the sentencing guidelines to him, the court's explanations at the change of plea hearing cured any alleged failure by counsel. The Recommendation's finding is supported by persuasive authority from the Eleventh Circuit. (Doc. 25 at 12–13) (citing *United States v. Wilson*, 245 F. App'x 10, 12 (11th Cir. 2007) (per curiam)). While the Petitioner's objection reflects a disagreement with the Recommendation's conclusion, he fails to show that the Magistrate Judge committed any error. The Petitioner fails to show any error in the Magistrate Judge's analysis or conclusion concerning this claim. Consequently, these objections are due to be overruled.

Additionally, the Petitioner claims in his § 2255 motion that his counsel was ineffective for failing to timely request that an expert examine the contents of a DVR the police had recovered from his home. The Petitioner objects to the Magistrate Judge's purported reliance on "the contested affidavit of counsel." (Doc. 28 at 7). But the Recommendation reveals that the Magistrate Judge did not merely credit counsel's affidavit over the Petitioner's evidence. The Magistrate Judge thoroughly considered, and rejected, the Petitioner's claim in her well-reasoned Recommendation. Although the Petitioner's objections reflect a disagreement with the Recommendation's conclusion, he

4

fails to show that the Magistrate Judge committed any error. Consequently, these objections are due to be overruled.

Accordingly, upon an independent review of the record, and upon consideration of the Recommendation and the Petitioner's objections, it is

ORDERED as follows:

1. The Petitioner's objections (doc. 28) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 25) is ADOPTED;

3. The Petitioner's 28 U.S.C. § 2255 motion (doc. 1) is DENIED without an evidentiary hearing;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 29th day of August, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE